MICHAEL JACOB HIRSCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hirsch v. Commissioner
Docket No. 1383-93
United States Tax Court
T.C. Memo 1994-337; 1994 Tax Ct. Memo LEXIS 347; 68 T.C.M. (CCH) 161; July 25, 1994, Filed *347 Decision will be entered for respondent. Michael Jacob Hirsch, pro se. For respondent: Linda A. Neal. MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies of $ 5,221 and $ 4,600 in petitioner's Federal income taxes for 1990 and 1991, respectively. Respondent also determined additions to tax under section 6662(a) of $ 1,044 and $ 920 for those years, respectively. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issue for decision is whether petitioner is entitled to deduct theft and other casualty losses that he claimed on Schedules C and E of his Federal income tax returns. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in New Orleans, Louisiana, at the time he filed his petition. Petitioner received a medical degree in 1954. His medical license was suspended in 1987. During the years in issue, he received Veterans' Administration disability payments. He also received investment *348 income. On Schedule C attached to his tax return for 1990, petitioner reported gross receipts from "medical services" of $ 123, returns and allowances of $ 246, cost of goods sold of $ 1,066.23, and total expenses of $ 123,486.27. The total expenses included $ 22,004.24 labeled "stolen materials" and $ 96,865.74 labeled "Beverly Brickman". On his 1991 Schedule C, petitioner reported gross receipts of $ 229, returns and allowances of $ 86,768.79, and total expenses of $ 4,556.14. Petitioner reported on Schedules E attached to his 1990 and 1991 tax returns two rental properties on South Tonti Street in New Orleans, one "double" and one "duplex". He reported zero rent received in 1990 and $ 18 rent received in 1991 for the double. He reported $ 1,700 rent received in 1990 and zero rent in 1991 for the duplex. He deducted net losses from each property in each year, primarily consisting of losses for "stolen materials" and "vandalism damages". Petitioner experienced serious problems with his rental properties, commencing in about 1976. In 1989, water pipes were broken as a result of a freeze. By the years in issue, the apartments were badly deteriorated and essentially uninhabitable. *349 Petitioner's son occupied an apartment for a short time in 1990. Petitioner resided in some or all of the apartments during 1990 and 1991. Respondent disallowed the Schedule C losses because it had not been established that petitioner actively operated a trade or business during 1990 and 1991; the statutory notice stated that the amount reported as gross receipts was income from personal sources such as from rebates on products personally purchased and not from services rendered. Respondent disallowed the losses claimed on Schedules E, in excess of the rental reported, in part because petitioner did not establish that the rental property was available for rent. OPINION Petitioner has the burden of proving that he is entitled to the deductions and losses that he claimed on his tax returns. Rule 142(a); . Petitioner presented no evidence that would support a finding that he was engaged in the practice of medicine during the years in issue. He merely stated his personal view that he did practice medicine. He testified that he occasionally gave medical opinions without charges. He testified that the reported *350 loss from items stolen by Beverly Brickman occurred in 1985. He presented no substantiation of the amounts claimed, merely stating that they were correct and had been reported to the police in 1985. The other items on the Schedules C are unexplained. In , the Supreme Court stated that, in order for a taxpayer to be in a trade or business, "the taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit." Petitioner has not shown that his medical service activities during the years in issue satisfy that test. None of the losses claimed on Schedule C may be allowed. With respect to the claimed rental expenses, petitioner made inconsistent statements about whether the properties were available for rent. He described the properties as uninhabitable and stated that "It is impossible for me to make a profit, because of city regulations, on either property." Explaining that he personally occupied both the double and the duplex during 1990 and 1991, petitioner testified: THE WITNESS [petitioner]: *351 I occupied those, too, because nobody else will move in there under my conditions. I rent only under my conditions, so that you might say I occupy both [buildings], but it is almost impossible to do that except that I cut the grass there. It is difficult to occupy four apartments at the same time.
Petitioner said that the same person who had stolen cash from his medical practice stole rental checks, thus accounting for his claiming theft losses on both Schedules C and E for 1990. Petitioner testified that he was also the victim of thefts by building contractors and vandals. He has not explained how he calculated the losses claimed. Although petitioner presented evidence of multiple claims made by him against others and of checks for payments made, he has not satisfied his burden of proving that the properties were available for rent in 1990 or 1991 or the amount of any deductible losses. We have also considered whether petitioner would be entitled to a personal casualty loss deduction, subject to the limitations of section 165(h). The casualties that petitioner described were not sustained during the years in issue. Sec. 165(a). Petitioner has not established his cost *352 or other basis of the items lost or the difference in fair market value of the property resulting from the frozen pipes. From the evidence that he submitted, it appears that he notified his insurance company of the damage but was refused reimbursement because of his failure to provide information requested by the insurance company. See sec. 165(h)(4)(E). No casualty losses may be allowed. Upon due consideration of the entire record, Decision will be entered for respondent.